Mark J. Giunta(#015079)
Law Office of Mark J. Giunta
1413 N. 3rd St.
Phoenix, AZ 85004-1612
Phone (602) 307-0837
Fax (602) 307-0838
Email mark.giunta@azbar.org

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| GSC HOLDINGS, L.L.C., | Case No. 2-09-BK-00245-GCG |
| Debtors. | |

**FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 29, 2009**

**PROPOSED BY THE DEBTOR**

_____

# ARTICLE I

## DEFINITIONS

**1.01 <u>Defined Terms</u>**.  The capitalized terms used in this Plan shall have the meanings as set forth in Appendix "A" attached hereto.

**1.02 <u>Undefined Terms</u>**.  Terms and phrases, whether capitalized or not, that are used and not defined in Appendix "A" attached hereto, but are defined by the Bankruptcy Code, have the meanings ascribed to them in the Bankruptcy Code.

**1.03 <u>Interpretation</u>**.  The headings in this Plan are for convenience and reference only and shall not limit or otherwise affect the provisions hereof.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01 <u>General</u>**.  For the purposes of organization only with respect to administrative expenses and for purposes of organization, voting and all Confirmation matters with respect to all Claims of Creditors of the Debtors, this Plan classifies Claims in separate and distinct Classes as follows:

**2.02 <u>Class 1: Administrative Expenses</u>**.  Class 1 shall consist of the costs and expenses of administration as defined in § 503 of the Bankruptcy Code for which application or allowance is made, or a Claim is filed, as the same are allowed, approved, and ordered paid by the Court.  Administrative Expenses shall consist of:  (1) all Claims arising under § 330 of the Bankruptcy Code, including reasonable compensation for actual and necessary services rendered by a

professional person (including attorneys) and by any paraprofessional persons employed by such, based on, among other things, the nature, extent and value of such services, the time spent on such services, and the cost of comparable services other than in a case under Title 11; (2) the costs and expenses of the administration of this proceeding, including, but not limited to, any Bankruptcy Court Clerk fees or Court Reporter's fees which have not been paid, the cost of reproduction and mailing of this Plan and the Disclosure Statement; (3) any post-petition operating expenses of the Debtors which are due and unpaid at Confirmation; and (4) the actual and necessary costs of preserving the Estate.

Class 1 also expressly includes any outstanding pre-confirmation quarterly fee payments owed by the Debtors to the United States Trustee.

**2.03 Class 2: Unsecured Priority Tax Claims**. Class 2 consists of all allowed tax obligations of the Debtors which are entitled to priority under § 507(a)(8) of the Bankruptcy Code. The Debtor has scheduled a disputed section 507(a)(8) Claim by the City of Scottsdale regarding pre-petition rental taxes in the approximate amount of $18,037.57.

**2.04 Class 3(a): Secured Property Tax Claims**. Class 3(a) consists of all allowed property tax obligations of the Debtors which includes Maricopa County which is owed property taxes in the approximately prepetition disputed amount of $57,347.85. Maricopa County's property tax claim is secured by a statutory lien on the Debtor's real property located at 4282 N. Drinkwater Blvd., Scottsdale, Arizona ("Property").

**2.05 Class 3(b): Secured Claim of Zions First National Bank ("Zions").** Class 3(b) consists of the Allowed Secured Claim of Zions First National Bank ("Zions") in the approximate prepetition amount of $1,479,000.00 which is secured by a lien in a first position (after property

taxes) on the Debtor's real property located at 4282 N. Drinkwater Blvd., Scottsdale, Arizona ("Real Property").

**2.06** **Class 4: Secured Claim of Business Development Finance Corporation ("BDFC")**.    Class 4 consists of the Allowed Secured Claim of Business Development Finance Corporation ("BDFC")  in the approximate prepetition amount of $946,345.00 which is secured by a lien in a second position on the Debtor's real property located at 4282 N. Drinkwater Blvd., Scottsdale, Arizona ("Real Property").

**2.07**    **Class 5: Claims of General Non-Insider Unsecured Creditors.**    Class 5 consists of the Allowed Non-Insider Unsecured Claims in the approximate prepetition amount of $677.07.

**2.08**    **Class 6: Claims of General Insider Unsecured Creditors.**    Class 6 consists of the Allowed Insider Unsecured Claims in the approximate prepetition amount of $365,400 which are held by the single insider unsecured creditor, Aron Mezo.  Insider Claims are prepetition claims held by persons defined as "insiders" by 11 U.S.C. section 101(31).

**2.09**    **Class 7: Equity Security Holders.**    Class 7 consists of the interests of Equity Security Holders which consists of the following members of the Debtor:  Arndt Investments, LLC, holding a 5% membership interest, Jonathan Valz holding a 5% membership interest, Randy Feldman holding a 7.5% membership interest in the Debtor, and Aron R. Mezo holding an 82.5% membership interest in the Debtor.

**2.10**    **Elimination of Classes**.    Any Class that is not occupied as of the date of the hearing on confirmation of this Plan by an Allowed Claim or a Claim temporarily allowed pursuant to Rule 3019 of the Bankruptcy Rules shall be deemed deleted from this Plan for purposes of voting on acceptance or rejection of this Plan and for the purpose of determining whether this Plan has been accepted by such Class pursuant to Section 1129 of the Bankruptcy Code.

# ARTICLE III

## IDENTIFICATION OF IMPAIRED CLASSES OF
## CLAIMS AND EQUITY INTERESTS

**3.01** **Impaired Classes of Claims**.  Classes 3(a), 3(b), 4, 5, 6, and 7 are impaired under this Plan.  Administrative Expenses (Class 1) and Priority Tax Claims (Class 2) are treated in accordance with Section 1129(a)(9) of the Bankruptcy Code unless otherwise agreed to by the claimant.  All other classes are unimpaired.

**3.02** **Impairment Controversies**.  If a controversy arises as to whether any Claim or any class of Claims is impaired under this Plan, such class shall be treated as specified in this Plan unless the Bankruptcy Court shall determine such controversy upon motion of the party challenging the characterization of a particular Class or Claim under this Plan.

# ARTICLE IV

## ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF
## REJECTION BY ONE OR MORE CLASSES OF CLAIMS

**4.01** **Classes Entitled to Vote**.  Each impaired Class of Claims shall be entitled to vote separately to accept or reject this Plan.  Any unimpaired Class of Claims shall not be entitled to vote to accept or reject this Plan.

**4.02** **Creditors Not Entitled to Vote**.   Only Creditors holding Claims that are not contested may vote for the Plan unless authorized by the Court to do so after motion and court order entered prior to the Confirmation hearing unless Debtors stipulate to allow a Creditor temporary voting privileges.

**4.03    Class Acceptance Requirement**.  A Class of Claims shall have accepted this Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class that have voted on this Plan.

**4.04    One Vote Per Holder**.  If a holder of a Claim holds more than one Claim in any one class, all Claims of such holder in such Class shall be aggregated and deemed to be one Claim for purposes of determining the number of Claims voting on this Plan.

**4.05    Cramdown**.  Notwithstanding the rejection or deemed rejection of this Plan by any class of Claims, Debtors shall request that the Bankruptcy Court confirm this Plan in accordance with Section 1129(b) of the Bankruptcy Code.

**ARTICLE V**

**TREATMENT OF ADMINISTRATIVE EXPENSES
AND CLASSES NOT IMPAIRED UNDER THE PLAN**

**5.01    Class 1: Administrative Expenses**. The allowed amount of Administrative Expenses shall be paid:

(A)     On the later of:  (1) the Effective Date; or (2) ten days after an Order approving the Administrative Expenses is entered if the Claim is one of a professional person employed under Sections 327 or 1103 of the Bankruptcy Code or otherwise employed by the Bankruptcy; or (3) for all other Administrative Expenses, twenty days after the Claim becomes an Allowed Claim; or

(B)     Through such other treatment as may be agreed in writing by such holder of an Administrative Expense or as expressly set forth herein; provided, however, an Allowed Administrative Expense representing a liability incurred in the ordinary course of business shall be paid by Debtors upon presentment or otherwise in accordance with the terms of the particular

transaction and any agreements relating thereto.

**5.02** __Class 2(a): Priority Unsecured Tax Claims__.  Debtors will pay all Class 2 claims, to the extent any exist, in 5 years, in even annual cash payments, commencing one year after the Effective Date, a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim consistent with 11 U.S.C. section 1129(a)(9)( C).

## ARTICLE VI

### TREATMENT OF CLASSES
### IMPAIRED UNDER THE PLAN

**6.01** __Class 3(a): Secured Property Tax Claims__.  Debtors will pay all Class 3(a) claims in 5 years, in even annual cash payments, commencing one year after the Effective Date, a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim consistent with 11 U.S.C. section 1129(a)(9)( C).  The Class 3(a) claims shall accrue interest at that the statutory rate of 16% per annum until paid.  Class 3(a) Claimants shall retain all their liens or security interest that they maintain in the Real Property.

**6.02** __Class 3(b): Secured Claim of Zions National Bank ("Zions")__ .  Zions shall retain all its liens and security interests in the Real Property.  Zions' existing loan agreements, promissory notes, deeds of trusts and any related contracts with the Debtor ("Contracts") shall continue in force and effect except as modified herein.  Any and all pending deed of trust sales, or any other foreclosure actions, by Zions regarding the Real Property shall be deemed vacated or cancelled, and any default by the Debtor shall be deemed cured as of the Petition Date.  Interest on the principle balance of the promissory note shall accrue only on a non-default rate basis after the Petition Date

- 7

except in the event of a post-confirmation default. No late fees or other penalties shall accrue and/or be charged after the Petition Date except in the event of a post-confirmation default. The Debtor shall incur no pre-payment penalty while still owing its obligation to the Zions. The Debtor shall not be restricted in any way in the amount of rent it may charge for the use of its assets or to whom it can rent.

On the 90th day after the Effective Date of the Plan the Debtor shall commence making non-default rate monthly interest only payments to Zions pursuant to the terms of the existing promissory note held by Zions as modified herein. On the 180th day after the Effective Date of the Plan the Debtor shall commence making non-default rate monthly principal and interest payments to Zions pursuant to the terms of the promissory note held by Zions as modified herein and shall continue to make said payment until the end of the term of the existing contracts between the parties. Any sums still due and payable to Zions by the Debtor pursuant to the promissory note at the time of the end of the term of the Contracts between the parties shall be paid in full at that time. Additionally, at the end of the term of the Contracts between the parties Zions shall receive a payment of the difference between the present value of the Allowed Amount of Zions' Claim as of the Effective Date using the non-default Contract rate of interest and all other sums paid to Zions pursuant to this Plan. Zions may only assert or declare a default under this Plan or agreement(s) incorporated by this Plan after giving the Debtor a ten day period to cure said default. This ten day period shall commence upon Zions giving the Debtor written notice of the default.

**6.03** **Class 4: Secured Claim of Business Development Finance Corporation ("BDFC").** BDFC shall retain all its liens and security interests in the Real Property. BDFC existing loan agreements, promissory notes, deeds of trusts and any related contracts with the Debtor shall continue in force and effect except as modified herein. Any and all pending deed of

trust sales, or any other foreclosure actions, by BDFC regarding the Real Property shall be deemed vacated or cancelled, and any default by the Debtor shall be deemed cured as of the Petition Date. Interest shall accrue only on a non-default basis after the Petition Date except in the event of an uncured post-confirmation default. No late fees or other penalties shall be charged after the Petition Date except in the event of an uncured post-confirmation default. The Debtor shall incur no pre-payment penalty while still owing its obligation to the BDFC. The Debtor shall not be restricted in any way in the amount of rent it may charge for the use of its assets or to whom it can rent.

One year after the Effective Date of the Plan the Debtor shall commence making non-default rate monthly interest only payments to BDFC pursuant to the terms of the existing promissory note held by BDFC as modified herein. One year and 3 months after the Effective Date of the Plan the Debtor shall commence making non-default rate monthly principal and interest payments to BDFC pursuant to the terms of the existing promissory note held by BDFC as modified herein and shall continue to make said payment until the end of the term of the existing contracts between the parties. Any sums still due and payable to BDFC by the Debtor at the time of the end of the term of the existing contracts between the parties shall be paid in full at that time. BDFC may only assert or declare a default under this Plan or agreement(s) incorporated by this Plan after giving the Debtor a ten day period to cure said default. This ten day period shall commence upon BDFC giving the Debtor written notice of the default.

**6.04    Class 5: Claims of General Non-Insider Unsecured Creditors.** The Allowed Claims of the General Unsecured Creditors shall be paid on a pro rata basis from the net proceeds (after payment of fees and costs) of the liquidation of any of cause of action or collection of receivables held by the Debtor against third parties, or alternatively, elect to be paid on a pro rata

basis from a $700 cash pool 90 days after the Effective Date.  Said election must be made in writing to the Debtor within 90 days after the Effective Date.

**6.05     Class 6: Claims of General Insider Unsecured Creditors.**  The Allowed Claims of the General Insider Unsecured Creditors shall receive on a pro rata basis 100% of the membership interests in the Reorganized Debtor on the Effective Date.

**6.06     Class 7: Interests Of Equity Security Holders.**  The Allowed Equity Security Interests of Equity Security Holders in the Debtor shall be extinguished on the Effective Date and they shall retain nothing in the Reorganized Debtor on account of their Equity Security Interests.

**ARTICLE VII**

**IMPLEMENTATION OF THE PLAN**

**7.01     Procedure To Implement The Plan.**  On the date of Plan Confirmation, or prior to where applicable, the following events shall occur:

The Debtors shall:

a.     Determine the amounts of all allowed Class claims.

b.     Execute any documents necessary to implement Plan.

c.     Debtors shall file with the Court post-confirmation quarterly reports, and provide a copy of the same to the United States Trustee, as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case. The Debtors shall pay any post-confirmation quarterly fees as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case.

d.     Appoint a Disbursing Agent.

**7.02**    **The Reorganized Debtor Shall Serve As The Disbursing Agent**.   The Debtors shall become the Disbursing Agent on the day after the Effective Date to serve as Disbursing Agent for all payments to be made to the Classes under the Plan.

        **a.**    **Duties of The Disbursing Agent**.    The Disbursing Agent shall receive, disburse and account to the Court, the Creditors, Equity Security Holders and other parties in interest for the assets, and shall be responsible for reviewing and approving all claims (all disputes to be resolved by the Court), keep adequate records of all transactions, receipts and disbursements, communicating with, and advising all Creditors, Debtors and other parties in interest as needed, and such other duties as may be consistent with the responsibilities of a Disbursing Agent.

Additionally, the Disbursing Agent shall be responsible for liquidating the non-Real Property estate assets for the pro rata benefit of General Non-Insider Unsecured Creditors pursuant to the Plan including but not exhausted by bringing actions against third parties on behalf of the Debtors.  The Disbursing Agent shall also have the right to object to the allowance of any Claim on behalf of the Debtors. These actions may necessitate use of legal services and incurring legal expenses.

The Disbursing Agent on behalf of the Reorganized Debtors shall file with the Court post-confirmation quarterly reports, and provide a copy of the same to the United States Trustee, as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case.  The Disbursing Agent on behalf of the Reorganized Debtors shall pay any post-confirmation quarterly fees as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case.  The Disbursing Agent shall acknowledge and assume these duties, and all other obligations of Disbursing Agent set forth herein, by its execution of an

acceptance on the notice of the appointment of the Disbursing Agent to be filed with Court pursuant to Section 7.02 of the Plan.

        **b.**     **Termination of Disbursing Agents' Duties**:  The final distribution of the remaining pre-petition assets of the Reorganized Debtors pursuant to the terms of the Plan set forth herein shall discharge the Disbursing Agent.

        **c.**     **Compensation of Disbursing Agent.**  The Disbursing Agent shall not receive any compensation other than the reimbursement of any actual out of pocket costs incurred by the Disbursing Agent in performing the duties authorized by this Plan which may include legal fees and expenses.

    **7.03**   **Effectuating Documents**.  On or before the Effective Date, the Reorganized Debtor shall file with the Bankruptcy Court such agreements, indentures, instruments and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

    **7.04**   **Property Vests In The Reorganized Debtor** .  All Property, assets and rights of the estate of the Debtor shall vest in the Reorganized Debtor, free and clear of all liens, Claims and encumbrances of any kind whatsoever unless expressly provided for under this Plan.  The Reorganized Debtor shall be able to manage their affairs, subject only to the limitations set forth in this Plan, without the requirement of further orders from the Bankruptcy Court.

    **7.05**   **Minimum Distributions**.  The distributions to holders of Claims pursuant to the Plan are minimum distributions only, and the Reorganized Debtor shall have the right and discretion, at all times, to make full or partial prepayments without penalty to holders of Claims.

    **7.06**   **Unclaimed Monies**.  All distribution of money under the Plan which are returned by the Post Office undelivered or which cannot be delivered due to lack of a current address will be

retained by the Disbursing Agent, in trust, in a federally insured bank for the distributee; after the expiration of six months from the date of the first attempted distribution, the unclaimed monies, stock, and all future distributions will be redistributed pro rata to the other distributees, free of any Claim by the distributee.

**7.07** **Binding To Debtor And Creditors**. Upon the entry of the Confirmation Order, this Plan shall bind the Debtor now known as the Reorganized Debtor, Equity Security Holders of the Debtor, any entity acquiring or being distributed any property under this Plan, any Creditor, whether or not their Claims and interests are impaired under this Plan and whether or not they have accepted this Plan.

**ARTICLE VIII**

**CONDITIONS OF CONFIRMATION**

**8.01 Conditions To Confirmation Of The Plan**. It shall be a condition precedent to the Confirmation of this Plan that the Final Order provide for:

**(a)** Confirmation of this Plan;

**(b)** To supplement the injunctive provisions of § 524 of the Bankruptcy Code, except as provided in this Plan or the Confirmation Order, as of the Confirmation Date, all persons or entities and governmental units shall be stayed, restrained and enjoined from taking any of the following actions on account of any such discharge Claims, debts or liabilities: (i) commencing or continuing in any manner any action or other proceeding against the Reorganized Debtor, or its property; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting or recovering in any manner any judgment, award, decree or order against the

Reorganized Debtor, or its property; (iii) creating, perfecting or enforcing in any manner, directly or indirectly, any lien or encumbrance against the Reorganized Debtor, or any of its property, or any direct or indirect transferee of any property of, or any direct or indirect successor in interest to, or any property of such transferee or successor; (iv) setting-off, seeking reimbursement of, contribution from, subrogation against or otherwise recouping in any manner directly or indirectly, any amount owed to the Reorganized Debtor, or any direct or indirect transferee of any property of, or any successor in interest to the Reorganized Debtor, commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of this Plan.

  **(c)**  Acceptance or rejection of this Plan was solicited in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and no Person conducting or participating in solicitation, including Debtors, shall be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation government solicitation of acceptance or rejection of a plan of reorganization.


## ARTICLE IX

## GENERAL PROCEDURES FOR OBJECTING TO CLAIMS
## AND RESOLVING AND TREATING CONTESTED
## AND CONTINGENT CLAIMS

  **9.01** **Claim Objection Deadline**. Unless another date is established by the Bankruptcy Court, all objections to Claims shall be filed with the Clerk of the Bankruptcy Court and served on the holders of such Claims (unless earlier filed) by the later of 60 days after the Effective Date or the date that is sixty (60) days after a particular proof of Claim (or a request for payment in the case of Administrative Claim) has been filed. If an objection has not been filed to a Claim by the deadlines established herein, the Claim shall be treated as an Allowed Claim; provided, however, that no

objection shall be required if a Claim was not listed on the Schedules or was listed on the Schedules as disputed, contingent or unliquidated, or was not evidenced by a timely filed proof of Claim. No such unlisted, disputed, contingent, unliquidated or unfiled Claim shall be treated as an Allowed Claim, except pursuant to a Final Order so providing. The objection deadlines established herein shall not apply to Claims and causes of action that must be asserted through an adversary proceeding.

**9.02** <u>**Preservation Of Objections To Claims**</u>. Except as otherwise provided in this Plan or in the Confirmation Order or other Final Order, no compromise, waiver or release of Claims, demands or causes of action, that may be provided for in this Plan or in any Final Order of the Court shall, in any way, limit or impair the right of the Reorganized Debtor to prosecute objections to Claims, and the Reorganized Debtor hereby retain all objections to the allowability of a Claim and all defenses associated with such objections.

**9.03** <u>**No Distributions Pending Resolution Of Objections**</u>. Notwithstanding any other provision of this Plan, no distributions shall be made with respect to a contested Claim (or any contested portion of a Claim, if such Claim is not severable) by the Reorganized Debtor unless and until all objections to such contested Claim have been determined by Final Order.

**9.04** <u>**Interest On Contested Claims And Contingent Claims**</u>. No interest shall accrue on a contested Claim during the period from the Effective Date until the date on which the Claim is allowed, if ever, and no interest shall accrue on a contingent Claim during the period from the Effective Date until the date on which the Claim becomes fixed and absolute or is otherwise allowed, if ever; provided that a contested Claim or a contingent Claim that is specifically entitled to post-confirmation interest by the terms of this Plan, and that is ultimately allowed, shall accrue post-confirmation interest from the Effective Date.

**9.05　Treatment Of Contingent Claims**. Until such time as a contingent Claim or a contingent portion of an Allowed Claim becomes fixed and absolute or is disallowed, such Claim shall be treated as a contested Claim for all purposes related to the distributions under this Plan; provided, however, that the distribution entitlements shall arise only from the date on which a contingent Claim becomes fixed and absolute or is otherwise allowed.

**9.06　Disallowance Of Post-Petition Additions**. The Reorganized Debtor shall not be required to make specific objection to proofs of Claim that allege a right to recover post-petition interest, penalties, fees, and other accruals with respect to pre-petition Claims (except Secured Claims entitled to such accruals pursuant to § 506(b) of the Bankruptcy Code), and any Claim amounts attributable to such post-petition interest, penalties, fees and other accruals shall be disallowed in full upon entry of the Confirmation Order.

**9.07　Settlement Of Disputed Claims**. The Reorganized Debtors shall be authorized to settle, without Court approval, any disputed Claims with a settlement amount that does not exceed five thousand dollars ($5,000).

**9.08　Preservation Of Debtor's Claims, Demands And Causes Of Action**. All claims, demands and causes of action held by, through or on behalf of the Debtors, against any other person or entity, are hereby preserved in full, unless otherwise provided by this Plan; and no provision of this Plan shall impair the rights of the Reorganized Debtor with respect to any of such claims, demands and causes of action to prosecute and defend against any such preserved claims, demands and causes of action.

**ARTICLE X**

**GENERAL PROVISIONS**

- 16

**10.01 <u>Post-Confirmation Operating Of The Automatic Stay</u>**. Any lawsuits pending in any court (other than the Bankruptcy Court) that seek to establish Debtors' liability on pre-petition Claims and that are stayed pursuant to § 362 of the Bankruptcy Code, shall be dismissed as of the Effective Date unless the Reorganized Debtor elect to have their liability determined by such other courts. Any pending motions to lift or vacate the automatic stay shall be deemed denied as of the Effective Date and the stay shall remain in effect. Any such pre-petition Claims shall be determined as provided in this Plan.

**10.02 <u>Prohibition Against Discriminating Treatment Against The Reorganized Debtor</u>**. No individual, entity or government may discriminate against the Reorganized Debtor solely because of the commencement, continuation or termination of this Chapter 11 proceeding, or because of any provision of this Plan, or the legal effect of this Plan, and the Confirmation Order shall constitute an express injunction against such discriminating treatment.

**10.03 <u>Compliance With Tax Requirements</u>**. In connection with this Plan, the Reorganized Debtor shall comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities.

**10.04 <u>Insurance</u>**. The Reorganized Debtor shall use its best efforts to maintain insurance on any non-exempt pre-petition property they retain pending completion of distributions to Creditors.

**10.05 <u>Termination Of Adequate Protection Payments</u>**. Upon the entry of a Confirmation Order by the Court, any and all payments to Secured Creditors for adequate protection shall be terminated.

**10.06** **No Additional Charges**. Except as expressly stated in this Plan, or as allowed by Court order, no interest, penalty, late charge or additional charges (such as attorneys' fees) shall be allowed on any Claim subsequent to the Filing Date.

**10.07** **Deficiency Claims**. Unsecured Creditors whose Claims arise out of a deficiency resulting from the abandonment of Collateral to a previously Secured Creditor or resulting from orders granting relief from the provisions of § 362 of the Bankruptcy Code, must file their Claims within thirty (30) days after Confirmation of this Plan.

**10.08** **Barring Of Claims**. The entry of the Confirmation Order shall permanently bar the filing and asserting of any Claims against the Debtors which arose or relate to the period of time prior to the Confirmation Date, which were listed by the Debtors in its Schedules and Statement Of Financial Affairs (as amended) filed with the Court or were not evidenced by timely and proper proofs of Claim filed with the Court.

**10.09** **Amount Of Claims**. All references to Claims and amount of the Claims refer to the amount of the Claims as allowed by the Court. The Debtors reserve the right, both before and within thirty days after the Effective Date, to object to Claims so as to have the Court determine the amount allowed to be paid under this Plan.

**10.10** **Remedies To Cure Defects**. After Confirmation, the Reorganized Debtor may, with the approval of the Court, and so long as it does not materially and/or adversely affect the interest of Creditors, remedy any defect or omission, or reconcile any inconsistencies in this Plan, or in the Confirmation of this Plan, in such a manner as may be necessary to carry out the purposes and the intent of this Plan.

**10.11** **Retention Of Jurisdiction**. After the Effective Date, the Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 cases for the following purpose:

(a)     To determine any and all objections to the allowance of Claims;

(b)     To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

(c)     To determine any applications for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine, and if need be, to liquidate any and all Claims arising therefrom;

(d)     To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date;

(e)     To consider any modifications of this Plan, remedy and defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

(f)     To determine any and all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan or any person's or entity's obligations thereunder;

(g)     To determine all controversies, suits and disputes arising as a result of a demand by any utility for a deposit or other form of security as a condition to providing post-confirmation utility services to the Debtor;

(h)     To determine all controversies, suits and disputes of this Plan as a result of discriminatory treatment of the Debtor;

**(i)**    To hear and determine any Claim or cause of action by or against the Debtor, and to consider and act on the compromise and settlement of any Claim or cause of action by or against the Debtor;

**(j)**    To issue such orders in aid of execution of this Plan, as are authorized by § 1142 of the Bankruptcy Code; and

**(k)**    To determine such other matters as may be set forth in the Confirmation Order or as may arise in connection with this Plan or the Confirmation Order.

**10.12    Modification Of Plan**. Modifications of this Plan may be proposed in writing by Debtor at any time before Confirmation, provided that this Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code, and Debtor shall have complied with § 1125 of the Bankruptcy Code.  This Plan may be modified at any time after Confirmation and before its substantial consummation, provided that this Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and hearing, confirms this Plan, as modified, under § 1129 of the Bankruptcy Code, and the circumstances warrant such modification.  A holder of a Claim that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

**10.13    Severability**. Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan.  Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable law,

Debtor may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

**10.14** **Revocation Of Plan**. Debtor reserves the right to revoke and/or withdraw this Plan prior to entry of the Confirmation Order. If the Debtor revokes and/or withdraws this Plan, or if Confirmation of this Plan does not occur, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other person or entity or to prejudice in any manner the rights of the Debtor or any person or entity in any further proceeding involving the Debtor.

## ARTICLE XI

## DISCHARGE OF DEBTOR

**11.01** **Discharge Of The Debtors** . Except as otherwise provided in this Plan or in the Confirmation Order, the rights afforded under this Plan and the treatment of Claims under this Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims including any interest or Claims from the petition date. Confirmation of this Plan shall discharge the Debtor from all Claims or other debts, liabilities or obligations of any kind or nature, that arose, in whole or part, before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not a proof of Claim based on such debt is timely filed or deemed filed pursuant to § 501 of the Bankruptcy Code, a Claim based on such debt is allowed pursuant to § 502 of the Bankruptcy Code, or the holder of a Claim based on such debt has accepted this Plan.

**11.02** **Effect Of Discharge On Other Entities**. Pursuant to § 524(e) of the Bankruptcy Code, except as otherwise provided in this Plan, the discharge of a debt of the Debtors, pursuant to this Plan, shall not affect the liability of any other entity on, or the Property of any other entity for, such debt.

**11.03  Modification Of Plan Due To Default**.  If any Creditor holding an Allowed Claim seeks such an Order, the Debtor may seek modification of the Plan prior to entry of the Order based upon good cause for the default and reasonableness of the modification.

**ARTICLE XII**

**TREATMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES**

**12.01  Description of Executory Contracts**.  The Debtor has the following executory contracts:

(a)  A month to month Parking Lot lease with Valet it Parking, LLV.

As the subject executory contract is on a month to month term the Debtor shall not assume or reject but rather continue to evaluate to reletting of the subject Parking Lot on a month to month basis.

The Debtors have no other executory contracts.

**12.02  Rejected If Not Assumed**.  Except for month to month contracts, all contracts and leases of Debtor that constitute executory contracts or unexpired leases as of the date of filing the Chapter 11 petition for relief shall be rejected as of the Effective Date, except for the leases set forth in Section 12.01.

**12.03  Disputes As To Executory/Unexpired Status**.  Notwithstanding § 12.02 above, if on the Effective Date there is a pending dispute as to whether a contract is executory or a lease is unexpired, Debtor's right to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract is executory or the lease is unexpired.

**12.04    Expired Contracts Or Leases**.  Any contract or lease that expired pursuant to its terms prior to the Effective Date, and that has not been assumed or rejected by Final Order prior to the Effective Date, is hereby specifically rejected.

**12.05    Bar To Rejection Damages**.  If the rejection or an executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not heretofore evidenced by a filed proof of Claim, shall be forever barred and shall not be enforceable unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtors as follows:  (a) if the Claim arises from the rejection of an executory contract or unexpired lease by operation of any provision of this Plan, thirty (30) days after the date of service of notice of the Effective Date; (b) if the Claim arises from the rejection of an executory contract or unexpired lease pursuant to a Final Order of the Bankruptcy Court (other than the Confirmation Order) authorizing rejection of such contract or lease, thirty (30) days after service of notice of the entry of such Final Order; or (c) if the Claim arises from the rejection of an executory contract or unexpired lease that is rejected after withdrawal of the assumption thereof, thirty (30) days after service of notice of the assumption withdrawal.  The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a proof of Claim filed by earlier applicable bar dates or shall be barred and unenforceable.

**12.06    Cure Of Defaults Upon Assumption**. Upon the assumption of any executory contract or unexpired lease (including an executory contract or unexpired lease deemed to be such by assumption herein) including, without limitation, defaults by the Debtor specified in § 365(b)(10) of the Bankruptcy Code and any defaults by the Debtor specified in § 365(b)(2) of the Bankruptcy Code, shall be deemed cured except to the extent written demand for the cure of or demonstration of

ability to cure any default has been filed with the Bankruptcy Court and served upon Debtor by the non-Debtor party to such executory contract or unexpired lease within thirty (30) days after the date of service of notice of the Effective Date. In the absence of a timely demand in accordance with the foregoing, Debtor's obligation to cure or demonstrate the ability to cure shall be deemed waived, released and discharged. If any non-Debtor party to such executory contract or unexpired lease timely serves and files such written demand, and Debtor files an objection in writing to such demand within thirty (30) days thereafter, the Bankruptcy Court shall, by the issuance of a Final Order, determine the amount actually due and owing in respect of such demand or shall approve the settlement of such demand. Debtor shall have thirty (30) days thereafter in which to effect such cure or withdraw <u>ab</u> <u>initio</u> their assumption of such executory contract or unexpired lease whereupon such executory contract or unexpired lease shall be deemed to have been rejected as of the date of the Chapter 11 petition for relief.

    **12.07** <u>**Treatment of Claims Arising From Assumption Or Rejection**</u>. All Allowed Claims arising from the assumption of an executory contract or unexpired lease shall be treated as a General Unsecured Claim unless otherwise ordered by Final Order of the Bankruptcy Court. No such Claims are anticipated in this case. In the event no General Unsecured Class exists, but one is needed, Debtor will create one with a modification.

    DATED this 20th day of April, 2009.

/s/ Mark J. Giunta SBN 015079
Mark J. Giunta
Law Office of Mark J. Giunta
845 North Third Ave.
Phoenix, Arizona 85003-1408

Approved by Debtor:

| | |
|---|---|
| 1 | /s/ Aron R. Mezo |
| 2 | Aron R. Mezo in his capacity as Manager and Majority Member of the Debtor. |
| 3 | |

A COPY of the foregoing was
Electronically filed with the Clerk of the
U.S. Bankruptcy Court
This 20th day of April, 2009.

Copy of the foregoing mailed/faxed/emailed
This 20th day of April 2009 to:
Margaret A. Gillespie, Esq. * mgillespie@cmpbglaw.com
Collins, May, Potenza, Baran & Gillespie, P.C.
201 North Central Avenue, Suite 2210
Phoenix, AZ 85004-0022

Sally M. Darcy * darcysm@aol.com
Camp Lowell Corporate Center
4560 E. Camp Lowell Dr.
Tucson, AZ 85712
Attorney for BDFC

Madeleine C Wanslee * mwanslee@gustlaw.com
Gust Rosenfeld PLC
201 E Washington Suite 800
Phoenix, AZ 85004-2327

Larry Lee Watson * larry.watson@usdoj.gov
United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

Kesha M. Jennings

**APPENDIX A**

**DEFINITIONS**

**Defined Terms**. For purposes of this Plan, the capitalized terms used in this Plan shall have the meanings as set forth below:

      **1.01**     **Administrative Claims/Expenses**. Claims and expenses which are allowed pursuant to § 503(b) of the Bankruptcy Code and which are entitled to priority pursuant to § 507(a)(1) of the Bankruptcy Code.

      **1.02**   **Allowed Claim**. A Claim (a) with respect to which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by the Federal Rules Of Bankruptcy Procedure, Rule 3003, or (b) scheduled in the list of Creditors prepared and filed with the Court pursuant to Federal Rules Of Bankruptcy Procedure, Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and in either case, as to which no objection to the allowance thereof has been filed within any applicable period of limitation fixed by Federal Rules Of Bankruptcy Procedure, Rule 3007, the Plan, an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise provided hereafter in the Plan.

      **1.03**   **Allowed Secured Claim**. This term refers to and means a Claim that is both an Allowed Claim and a Secured Claim.

      **1.04**   **Allowed Unsecured Claim**. This term refers to and means a Claim that is both an Allowed Claim and an Unsecured Claim.

      **1.05**   **Ballot**. This term refers to and means the ballot for accepting or rejecting the Plan which will be distributed to holders of Claims in Classes that are impaired under this Plan and are entitled to vote on this Plan.

      **1.06**   **Bankruptcy Code**. The Bankruptcy Code is the Bankruptcy Reform Act Of 1978, sometimes referred to as the Bankruptcy Code Of 1978, as contained in Title 11 U.S.C.A. § 101, et seq., and all amendments thereto.

      **1.07**   **Bankruptcy Court or Court**. This term refers to and means the United States Bankruptcy Court for the District of Arizona, Phoenix Division, or any other court that exercises jurisdiction

over all or part of the Bankruptcy Cases, including the United States District Court for the District of Arizona to the extent that the reference of all or part of the Bankruptcy Cases is withdrawn.

      **1.08** **Bankruptcy Rules**.  This term refers to and means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075 and the local rules of Court, as applicable during the term of the Bankruptcy Cases.

      **1.09** **Bankruptcy Cases**.  This term refers to and means the above-captioned Chapter 11 case filed by GSC Holdings, LLC.

      **1.10** **Bar Date**.  The last day the Court will allow a Proof of Claim to be filed in this bankruptcy proceeding.  The Bar Date is usually the date set for the hearing on approval of the Disclosure Statement and notice of the Bar Date will accompany the notice setting the hearing on approval of the Disclosure Statement, unless another deadline has been set by the Court.

      **1.11** **Business Day**.  This term refers to and means every day except Saturdays, Sundays, and holidays observed by the Bankruptcy Court.

      **1.12** **Cash Collateral**  Cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in § 552(b) of the Bankruptcy Code, whether existing before or after the commencement of a case under Title 11 of the Bankruptcy Code.

      **1.13** **Chapter 11**.  Chapter 11 of the Bankruptcy Code.  Reference to section numbers are references to sections in the Bankruptcy Code 11 U.S.C. § 101, et seq., Public Law 95-598, effective October 1, 1979, as amended, unless otherwise specified.

      **1.14** **Claim**.  A right to (1) payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

      **1.15** **Class**.  One or more creditors grouped together as defined herein.  The Plan is intended to deal with all Claims against the Debtor of whatever character, whether or not contingent or liquidated, and

whether or not allowed by the Court pursuant to § 502(a) of the Bankruptcy Code. However, only those Claims allowed pursuant to § 502(a) of the Bankruptcy Code will receive payment under the Plan.

**1.16** **Collateral**. Property which is pledged as security for the satisfaction of a debt. Collateral is additional security for performance of principal obligation, or that which is by the side, and not in direct line. Property subject to a security interest, including accounts, contract rights and chattel paper which have been sold.

**1.17** **Collateral Value**. Collateral Value is the fair market value of the any collateral as determined by the Court.

**1.18** **Confirmation**. The formal approval of the Bankruptcy Court of a Plan Of Reorganization.

**1.19** **Confirmation Date**. The date upon which the Confirmation Order is entered by the Court.

**1.20** **Confirmation Hearing**. This term refers to and means the hearing regarding confirmation of the Plan conducted by the Bankruptcy Court pursuant to Bankruptcy Code § 1128, including any adjournment or continuation of that hearing from time to time.

**1.21** **Confirmation Order**. The Final Order of the Court determining that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to Confirmation.

**1.22** **Creditor**. A Creditor or all Creditors of the Debtor holding Allowed Claims for the debts, liabilities, demands or Claims of any character whatsoever, as defined in § 101(4) of the Bankruptcy Code.

**1.23** **Debtor**. The Debtor is GSC Holdings, LLC, also referred in the Plan as "GSC".

**1.24** **Disclosure Statement**. The Disclosure Statement is the Disclosure Statement In Support Of Debtor's Plan of Reorganization in its present form, or as it may be amended or supplemented.

**1.25** **Disputed Claim**. This term refers to and means every Claim: (a) that is scheduled by the Debtors as disputed, contingent, or unliquidated; and/or (b) that is not an Allowed Claim.

**1.26** **Effective Date**. The date following the Confirmation Date after which no appeal of the Confirmation Order can be taken or ten (10) days from the Confirmation Date, whichever is later.

**1.27** **Estate**.  This term refers to and means the bankruptcy estate of the Debtor created under Bankruptcy Code § 541.

**1.28** **Executory Contract**.  This term refers to and means every unexpired lease and other contract which is subject to being assumed or rejected under Bankruptcy Code § 365.

**1.29** **Final Order**.  A Final Order is an order of the Court which, not having been reversed, modified or amended and not being stayed and the time to appeal from which or to seek review or rehearing of which having expired, and no such appeal, review, certiorari or rehearing is pending, has become conclusive of all matters adjudicated thereby and in full force and effect.

**1.30** **Impaired/Impaired Class**  Under § 1124 of the Bankruptcy Code, a Class Of Claims is impaired under a Plan unless, with respect to each Claim of such Class:  (i) it is paid in full on the Effective Date of the Plan; (ii) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim entitles the holder to such Claim; or (iii) all defaults are cured, the original maturity of the Claim is reinstated and the Claim is otherwise treated as provided in clause (ii) above.

**1.31** **Interests**.  This term refers to and means the rights of the members of the Debtor.

**1.32** **Interpretation**.  The headings in this Plan are for convenience and reference only and shall not limit or otherwise affect the provisions hereof.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

**1.33** **IRS**.  This term refers to and means the Internal Revenue Service.

**1.34** **Personal Property**.  This term refers to and means all personal property owned by Debtor.

**1.35** **Plan**.  This term refers to and means this Plan of Reorganization Proposed By the Debtor and every modification thereof, if any, filed by the Debtor.

**1.36** **Plan Confirmation**.  Entry by the Court of an order confirming the Plan at or after a hearing held pursuant to § 1128 of the Bankruptcy Code.

**1.37** **Preserved Lien(s)**.  Any liens required under § 1124(2) of the Bankruptcy Code.

**1.38** **Priority Claim(s)**.  Any Claim or Claims entitled to priority pursuant to § 507(a) of the Bankruptcy Code other than a Tax Claim or a Claim for Administrative Expenses.

**1.39  Professional Charges**.  This term refers to and means all professional fees and costs by professional persons approved by the Bankruptcy Court to serve the Debtors or the Committee which have accrued during the pendency of the Debtors' Bankruptcy Cases up to and including the Confirmation Date.

**1.40      Property**:  All real and personal Property (individually or as a whole) of the estate of the Debtor as previously or hereafter determined by Final Order of a court of competent jurisdiction and/or as defined in § 541 of the Bankruptcy Code, including, but not limited to, any and all Claims or causes of action in favor of the Debtor against third parties (except as otherwise provided herein).

**1.41  Property Broker**.  This term refers to and means the independent person engaged to market and sell the property or any portion thereof.

**1.42  Proponent**.  This term refers to and means the Debtor who is  proposing this Plan of Reorganization.

**1.43  Pro Rata**.  This term refers to and means proportionally, so that the ratio of the consideration distributed on account of an Allowed Claim in the Class (or sub-class) and consideration distributed on account of all Allowed Claims in the Class (or sub-class) is the same as the ratio of the Allowed Claims in the Class (or sub-class).

**1.44  Real Property**  Real Property is the real property owned by the Debtor consisting of the commercial building located at 4282 N. Drinkwater Blvd., Scottsdale, Arizona.

**1.45  Reorganized Debtor**.  The Debtor, after Confirmation of the Plan, and its successors and assigns.

**1.46  Secured Claim(s)**.  Any Claims, other than a Tax Claim, secured by Property of the Debtor under a duly perfected security interest, to the extent of the value of the Collateral (security), as determined in accordance with § 506 of the Bankruptcy Code.

**1.47  Secured Creditor(s)**.  All Creditors other than taxing entities, who hold a lien, security interest or other encumbrance which has been properly perfected as required by law with respect to Property owned by the Debtor.

**1.48  Tax Claim(s)**.  Any Claim for taxes entitled to priority pursuant to § 507(a)(7) of the Bankruptcy Code.

**1.49** <u>**Term Of The Plan**</u>.  That period after the Effective Date during which payments are being made to Creditors in Classes 5.

**1.50** <u>**Unsecured Claim(s)**</u>:  All Claims not secured by collateral of the estate.

**1.51** <u>**Unsecured Creditor(s)**</u>.  All Creditors of Debtor holding Unsecured Claims of any character whatsoever, except Claims entitled to priority pursuant to § 507 of the Bankruptcy Code.

**1.52** <u>**Unsecured Deficiency Claimant(s)**</u>.  Claims resulting from the excess of the Secured Claims over the Collateral Value, as determined pursuant to § 506 of the Bankruptcy Code or unless otherwise agreed to by the Secured Creditors.

**1.53** <u>**Undefined Terms**</u>.  Terms and phrases, whether capitalized or not, that are used and not defined herein, but are defined by the Bankruptcy Code, have the meanings ascribed to them in the Bankruptcy Code.